Daniel S. Volchok (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
Tel: (202) 663-6000
daniel.volchok@wilmerhale.com

Jason T. Morgan (Bar No. 1602010)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Tel: 206.624.0900
jason.morgan@stoel.com

Cody B. Doig (Bar No. 2109091)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Tel: (907) 277-1900
cody.doig@stoel.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*, | Civil Action |
| Plaintiffs, | |
| v. | No. 3:25-cv-00038-SLG |
| DONALD J. TRUMP, *et al.*, | |
| Defendants, | Judge Sharon L. Gleason |
| and | |
| AMERICAN PETROLEUM INSTITUTE, *et al.*, | |
| Intervenor-Defendants. | |

1

**DEFENDANT-INTERVENOR AMERICAN PETROLEUM INSTITUTE'S
ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED AND
SUPPLEMENTAL COMPLAINT**

Defendant-Intervenor American Petroleum Institute (API) hereby answers and asserts its affirmative defenses with respect to the second amended complaint. The numbered paragraphs of this answer correspond to those in the second amended complaint. Pursuant to Federal Rule of Civil Procedure 8(b)(3), API generally denies all allegations of the second amended complaint except as specifically admitted. Any admission herein of the truth of a factual allegation is not an admission that the allegation has any relevance to any issue in this litigation, nor an admission that the allegation does not omit pertinent additional information, does not require additional context, or is otherwise not misleading as presented.

1.      API admits that Presidents Barack Obama and Joe Biden issued memoranda purporting to withdraw certain areas of the U.S. Outer Continental Shelf (OCS) in the Arctic Ocean, Pacific Ocean, Atlantic Ocean, and Gulf of Mexico from future oil and gas development. API also admits that President Donald Trump issued an executive order rescinding certain of those withdrawals. This paragraph otherwise contains plaintiffs' characterization of the executive orders and of their allegations and legal conclusions, to which no response is required. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the executive orders, denies the allegations, and denies that plaintiffs are entitled to any relief.

2.      This paragraph contains plaintiffs' characterization of the Outer Continental Shelf Lands Act (OCSLA), to which no response is required.  API refers the Court to the OCSLA provisions plaintiffs characterize.  To the extent any response is required, API denies the allegations.

3.      API admits that on April 28, 2017, President Trump issued Executive Order 13795.  API also admits that several plaintiffs in this action sued to challenge that order.  And API admits that on March 29, 2019, the district court issued a decision in that litigation.  This paragraph otherwise consists of plaintiffs' characterization of the court's decision, to which no response is required.  To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the lawsuit or the decision.

4.      API admits that President Biden issued Executive Order 13990 and other memoranda purporting to withdrawal OCS lands from disposition for oil and gas leasing and development.  This paragraph otherwise consists of plaintiffs' characterization of the withdrawal actions and a prior lawsuit, to which no response is required.  API refers this Court to the withdrawal actions and the filings in the lawsuit, which speak for themselves.  To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the withdrawal actions or lawsuit.

5.      API admits that on January 20, 2025, President Trump issued Executive Order 14148.  API also admits the Interior Department has taken steps to implement that order.  This paragraph otherwise characterizes plaintiffs' allegations and legal

conclusions and therefore no response is required. To the extent any further response is required, API denies the allegations.

6.     Admitted.

7.     Admitted.

8.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding where plaintiffs reside, and therefore denies those allegations. The allegations otherwise contain plaintiffs' legal conclusion, to which no response is required. To the extent any further response is required, API denies the allegations.

9.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiff Northern Alaska Environmental Center, and therefore denies those allegations.

10.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiff Alaska Wilderness League, and therefore denies those allegations.

11.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiff Oceana, Inc., and therefore denies those allegations.

12.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiff Sierra Club, and therefore denies those allegations.

13.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiff Surfrider Foundation, and therefore denies those allegations.

4

14.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiff Healthy Gulf, and therefore denies those allegations.

15.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiff Center for Biological Diversity, and therefore denies those allegations.

16.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiff Turtle Island Restoration Network, and therefore denies those allegations.

17.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiff Natural Resources Defense Council, Inc., and therefore denies those allegations.

18.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiff Greenpeace, Inc., and therefore denies those allegations.

19.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiff Conservation Law Foundation, and therefore denies those allegations.

20.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiffs' members, and therefore denies those allegations.

21.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiffs' members, and therefore denies those allegations.

22.     API lacks sufficient information to form a belief as to the allegations in this paragraph regarding plaintiffs' members, and therefore denies those allegations.  API denies the remaining allegations in this paragraph.

23.     Denied.

24.     API admits that Donald J. Trump is the President of the United States.

25.     API admits that Doug Burgum is the United States Secretary of the Interior. API further admits that Secretary Burgum administers and implements OCSLA, certain provisions of the Marine Mammal Protection Act, and certain provisions of the Endangered Species Act.  API denies that this paragraph accurately and completely describes Secretary Burgum's responsibilities.

26.     API admits that Howard W. Lutnick: (1) is the United States Secretary of Commerce, (2) is the highest-ranking official in the Commerce Department, and (3) administers and implements certain provisions of the Marine Mammal Protection Act and Endangered Species Act.  API denies that this paragraph accurately and completely describes Secretary Lutnick's responsibilities.

27.     API admits that the OCS consists of approximately 2.5 billion acres.  This paragraph otherwise contains plaintiffs' characterization of OCSLA, to which no response is required.  API refers the Court to the OCSLA provisions plaintiffs characterize.  To the extent any further response is required, API denies the allegations.

28.     This paragraph contains plaintiffs' characterization of OCSLA, to which no response is required.  API refers the Court to the OCSLA provisions plaintiffs characterize.  To the extent any response is required, API denies the allegations.

29.     This paragraph contains plaintiffs' characterization of OCSLA, to which no response is required.  API refers the Court to the OCSLA provisions plaintiffs characterize.  To the extent any response is required, API denies the allegations.

30.     This paragraph contains plaintiffs' characterization of OCSLA and implementing regulations, to which no response is required.  API refers the Court to the OCSLA provisions and regulations plaintiffs characterize.  To the extent any response is required, API denies the allegations.

31.     This paragraph contains plaintiffs' characterization of OCSLA and implementing regulations, to which no response is required.  API refers the Court to the OCSLA provisions and regulations plaintiffs characterize.  To the extent any response is required, API denies the allegations.

32.     API admits that President Trump issued Executive Orders 14148 and 13795.  To the extent any further response is required, API denies that this paragraph accurately and completely summarizes Executive Orders 14148 and 13795.

33.     API admits that the Chukchi and Beaufort Seas are in the Arctic Ocean within the jurisdiction of the United States.  API further admits that federally listed and non-listed species are found in the Chukchi and Beaufort Seas.  API acknowledges that climate change is a serious issue that requires research for solutions and effective policies that allow us to meet our energy needs while protecting the environment.  API further admits that the coastal regions of the Chukchi and Beaufort Seas include eight communities and few roads, do not include a Coast Guard station, and are subject to varied weather conditions.  API avers that oil and gas drilling operations have been

7

conducted in the Chukchi and Beaufort Seas since 1981. API denies the remaining allegations in this paragraph.

34.     API admits that California has five National Marine Sanctuaries. API further admits that grey whales migrate from Baja California and the northern Bering and Chukchi seas. API acknowledges the significance of tourism, marine transport, recreation, and commercial and recreational fisheries to California's economy. API denies the remaining allegations in this paragraph.

35.     API admits that the Atlantic Ocean contains important and sensitive marine species and undersea canyons. API further admits that the Atlantic Ocean contains whale-migration corridors between the Gulf of Maine and offshore Florida. API also admits that fishing, tourism, and recreation industries along the U.S. Atlantic coast depend on the ocean and contribute to the region's economy. API denies the remaining allegations in this paragraph.

36.     API admits that the Gulf of Mexico is home to thousands of species, including sea turtles and the Rice whale. API further admits that the Gulf Coast states depend on the Gulf to support fisheries, tourism, and recreation. API denies the remaining allegations in this paragraph.

37.     API admits that oil and gas development in the OCS has impacts on ecosystems. API also admits that seismic surveying and drilling activities create sounds. This paragraph otherwise contains plaintiffs' characterization of seismic surveys and drilling activities, to which no response is required. To the extent any further response is required, API denies the remaining allegations in this paragraph.

38.     API admits that the 2010 Deepwater Horizon oil spill occurred, killing eleven people.  This paragraph otherwise contains plaintiffs' characterization of that spill, to which no response is required.  To the extent any further response is required, API denies that this paragraph contains an accurate and complete description of the spill.

39.     API admits that the 2010 Deepwater Horizon oil spill occurred.  This paragraph otherwise contains plaintiffs' characterization of that spill, which no response is required.  To the extent any further response is required, API denies that this paragraph contains an accurate and complete description of the consequences of the spill.

40.     This paragraph purports to describe findings by the Interior Department, to which no response is required because those findings speak for themselves.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes those findings.  API denies the remaining allegations in this paragraph.

41.     API admits that an oil spill occurred in the Dos Cuadras Offshore Oil Field in 1969.  This paragraph otherwise contains plaintiffs' characterization of that spill, to which no response is required.  To the extent any further response is required, API denies that this paragraph contains an accurate and complete description of the spill.

42.     API admits that oil spilled from the Plains All American Pipeline in 2015.  This paragraph otherwise contains plaintiffs' characterizations of that spill, to which no response is required.  To the extent any further response is required, API denies that this paragraph contains an accurate and complete description of the spill.

43.     API admits that oil spilled from San Pedro Bay Pipeline in 2021.  This paragraph otherwise contains plaintiffs' characterization of that spill, to which no

response is required. To the extent any further response is required, API denies that this paragraph contains an accurate and complete description of the spill.

44. API admits that seismic surveying is sometimes used to further oil and gas exploration and development. This paragraph otherwise contains plaintiffs' characterization of seismic surveying, to which no response is required. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes seismic operations.

45. API admits that seismic surveying may use airguns and that seismic surveys are useful for oil and gas exploration and development. This paragraph otherwise contains plaintiffs' characterizations of seismic surveys, to which no response is required. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes seismic operations.

46. API admits that in July 2014, the Interior Department issued a Record of Decision (ROD). To the extent this paragraph purports to characterize that ROD or National Marine Fisheries Service (NMFS) statements referenced in the ROD, the document speaks for itself and, therefore, no response is required. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the ROD and any administrative action. API denies the remaining allegations in this paragraph.

47. This paragraph contains plaintiffs' characterizations of seismic surveys, to which no response is required. To the extent any response is required, API denies that this paragraph accurately and completely summarizes seismic operations.

48.     API admits that seismic surveying has been conducted in the Arctic Ocean, including in the Beaufort Sea, and that companies, including API members, invested significant financial resources in surveying, leasing, exploration drilling, and development plans in the area.  API also admits that the Beaufort Sea area has oil and gas resources and is adjacent to existing oil and gas development activity.  API also admits that the Bureau of Ocean Energy Management (BOEM) approved an oil development project called Liberty.  To the extent this paragraph purports to characterize the Beaufort Sea area or oil and gas development activities, no response is required.  To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the Beaufort Sea area and oil and gas development activities in the area.  API denies the remaining allegations in this paragraph.

49.     API admits that companies in the oil and natural gas industry are interested in exploration and development in the Beaufort Sea area.  API also admits that there was a 2024 Beaufort Sea lease sale, that the sale drew 33 bids, and that the sale led to the issuance of 20 leases.  And API admits that in August 2025, NMFS issued a notice concerning the issuance of an incidental harassment authorization.  To the extent this paragraph purports to characterize the lease sale or the NMFS notice, no response is required.  To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the lease sale and the NMFS notice.  API lacks sufficient information to form a belief concerning allegations about whether or why an unnamed company new to Alaska was formed, and whether that company placed bids in

the lease sale, and therefore denies those allegations. API denies the remaining allegations in this paragraph.

50. API admits that in January 2017, the Interior Department finalized a 2017-2022 five-year leasing program. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the five-year plan.

51. API admits that on July 3, 2017, the Trump administration published a request for information and comments on the preparation of a new 2019-2024 National Outer Continental Shelf Oil and Gas Leasing Program to replace the 2017-2022 program. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the request for information and comments.

52. API admits that API and other industry groups submitted a comment to the July 3, 2017 request for information and comments containing the quoted text. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes that comment.

53. API admits that certain seismic-operation companies applied to BOEM for permits to conduct surveys in the Atlantic and Pacific. API also admits that certain seismic-operation companies applied to NMFS for authorization to conduct surveys under the Marine Mammal Protection Act. API lacks sufficient information to form a belief as to accuracy or completeness of the quotations in this paragraph, how many seismic operation companies applied to BOEM for permits, or how many linear kilometers of airgun surveys the proposed surveys would have amounted to in the first year of exploration activity in the region. To the extent this paragraph purports to

characterize NFMS's response to permit applications, NFMS's responses to those permits speaks for themselves. API lacks sufficient information to form a belief as to the allegations concerning oil and gas development activities by the Eni and SAExploration companies, and therefore denies those allegations. This paragraph otherwise contains plaintiffs' characterizations of those permit applications, the impacts of seismic surveys, and NMFS's statements, to which no response is required. To the extent any further response is required, API denies the allegations.

54.     API admits that in January 2018, the Trump administration released a draft proposed leasing program for 2019-2024. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the draft proposed five-year program.

55.     API admits that the Trump administration did not finalize that draft proposed leasing program.

56.     API admits that the Biden Administration finalized an OCS leasing program that runs from 2024-2029. API refers the Court to the five-year leasing program itself. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes that program.

57.     This paragraph contains plaintiffs' characterizations of the quoted news articles, to which no response is required. API refers the Court to the news articles themselves. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the articles.

58.     API admits that on January 20, 2025, President Trump issued an executive order titled "Unleashing American Energy."  This paragraph otherwise consists of plaintiffs' characterizations of that order and President Trump's inaugural speech, to which no response is required.  To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the order and the speech.

59.     API admits that on January 24, 2025, President Trump issued a statement entitled "The First 100 Hours: Historic Action to Kick Off America's Golden Age."  This paragraph otherwise consists of plaintiffs' characterizations of the statement, to which no response is required.  To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the statement.

60.     API admits that on February 14, 2025, President Trump issued an executive order establishing a "National Energy Dominance Council."  This paragraph otherwise consists of plaintiffs' characterizations of that order, to which no response is required.  To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the order.

61.     This paragraph contains plaintiffs' characterizations of the quoted Interior Department press release, to which no response is required.  API refers the Court to the press release itself.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the press release.

62.     This paragraph contains plaintiffs' characterizations of an Interior Department notice requesting comments, to which no response is required.  API refers

the Court to the notice itself. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the notice.

63. API admits that President Trump signed Public Law No. 119-21 on July 4, 2025. This paragraph otherwise consists of plaintiffs' characterizations of that law, to which no response is required. API refers the Court to the law's text, which speaks for itself. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the law.

64. API admits that President Eisenhower withdrew certain limited areas from disposition for oil and gas development pursuant to OCSLA §12(a). API also admits that Presidents Nixon, George H.W. Bush, Bill Clinton, George W. Bush, Obama, Biden, and Trump withdrew areas from disposition for oil and gas development under §12(a), and that nearly all of those withdrawals were limited to small areas or lasted only for a specified time. This paragraph otherwise consists of plaintiffs' characterizations of the withdrawals, to which no response is required. To the extent any further response is required, API denies the allegations.

65. API admits that it is not aware of any president, before 2017, reversing a purportedly permanent withdrawal of large swaths of OCS lands under OCSLA.

66. API admits that on January 27, 2025, President Obama withdrew certain areas in the Arctic from oil and gas leasing. This paragraph otherwise consists of plaintiffs' characterizations of the withdrawal, to which no response is required. API refers the Court to the withdrawal action, which speaks for itself. To the extent any

further response is required, API denies that this paragraph accurately and completely summarizes the withdrawal.

67.     API admits that on December 9, 2016, President Obama withdrew certain areas of the Northern Bering Sea from oil and gas leasing.  This paragraph otherwise consists of plaintiffs' characterizations of the withdrawal, to which no response is required.  API refers the Court to the withdrawal action, which speaks for itself.  To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the withdrawal.

68.     API admits that on Dember 20, 2016, President Obama withdrew portions of the Chukchi and Beaufort Seas in Alaska and certain canyons offshore the Atlantic coast from oil and gas leasing.  This paragraph otherwise consists of plaintiffs' characterizations of the withdrawal, to which no response is required.  API refers the Court to the withdrawal action, which speaks for itself.  To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the withdrawal.

69.     This paragraph consists of plaintiffs' characterizations of President Obama's withdrawal and statements by the then-BOEM Director, to which no response is required.  API refers the Court to the withdrawal action and the quoted statements, which speak for themselves.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the withdrawal or the then-BOEM Director's statements.

70.     This paragraph consists of plaintiffs' characterizations of a fact sheet for President Obama's withdrawal, to which no response is required.  API refers the Court to the withdrawal action and the fact sheet, which speak for themselves.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the fact sheet.

71.     This paragraph consists of plaintiffs' characterizations of a fact sheet for President Obama's withdrawal, to which no response is required.  API refers the Court to the withdrawal action and the fact sheet, which speak for themselves.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the fact sheet.

72.     API admits that President Trump issued Executive Order 13795 on April 28, 2017, that revoked President Obama's January 27, 2015, December 9, 2016, and December 20, 2016 withdrawal actions.  API denies that this paragraph accurately and completely summarizes that order.

73.     API admits that the Interior Secretary issued Secretarial Order No. 3350. This paragraph otherwise consists of plaintiff's characterizations of that order, to which no response is required.  API refers the Court to the order, which speaks for itself.  To the extent any further response is required, API denies that this paragraph accurately and completely summarizes that order.

74.     API admits that several organizations challenged Executive Order 13795. API also admits that on March 29, 2019, the district court issued a decision in that litigation.  This paragraph otherwise consists of plaintiffs' characterization of that legal

action (including the court's decision), to which no response is required. API refers this Court to the filings in the lawsuit, which speak for themselves. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the lawsuit or the decision.

75.     API admits that the federal defendants and industry intervenors appealed to the Ninth Circuit the district court decision in the case challenging President Trump's 2017 executive order. API also admits that President Biden issued Executive Order 13990 on January 20, 2021, before the Ninth Circuit issued a decision. This paragraph otherwise consists of plaintiffs' characterization of the lawsuit and President Biden's executive order, to which no response is required. API refers the Court to the filings in the lawsuit and Executive Order 13990, which speak for themselves. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the lawsuit or Executive Order 13990.

76.     API admits that on September 8, 2020, President Trump issued a memorandum exercising his authority under OCSLA §12(a). This paragraph otherwise consists of plaintiffs' characterizations of that memorandum, to which no response is required. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the memorandum.

77.     API admits that on March 13, 2023, President Biden issued a memorandum withdrawing additional areas of the Beaufort Sea from oil and gas leasing. This paragraph otherwise consists of plaintiff's characterization of the memorandum, to which

no response is required. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the memorandum.

78. API admits that on January 6, 2025, President Biden issued two memoranda purporting to permanently withdraw additional OCS lands from oil and gas leasing, along with a fact sheet. This paragraph otherwise consists of plaintiffs' characterization of the memoranda and fact sheet, to which no response is required. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the memoranda or fact sheet.

79. This paragraph contains plaintiffs' characterizations of the quoted news articles, to which no response is required. API refers the Court to the news articles themselves. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the articles.

80. API admits that on January 17, 2025, API, the State of Louisiana, and other plaintiffs filed a lawsuit in the Western District of Louisiana challenging President Biden's January 6, 2025 withdrawals. This paragraph otherwise consists of plaintiffs' characterization of that lawsuit, to which no response is required. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the lawsuit.

81. API admits that on January 20, 2025, the State of Texas and W&T Offshore, Inc. filed a lawsuit in the Eastern District of Texas challenging President Biden's January 6, 2025 withdrawals. This paragraph otherwise consists of plaintiffs' characterizations of that lawsuit, to which no response is required. To the extent any

further response is required, API denies that this paragraph accurately and completely summarizes the lawsuit.

82.    API admits that on January 20, 2025, President Trump issued Executive Order 14148. This paragraph otherwise consists of plaintiffs' characterizations of that order, to which no response is required. API refers the Court to the order, which speaks for itself. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes Executive Order 14148.

83.    API admits that on February 3, 2025, Secretary Burgum issued a series of secretarial orders, including Secretarial Order 3420. This paragraph otherwise consists of plaintiffs' characterizations of those secretarial orders, to which no response is required. API refers the Court to the secretarial orders, which speak for themselves. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes the secretarial orders.

84.    API admits that Secretary Burgum issued Secretarial Order 3417. This paragraph otherwise consists of plaintiffs' characterizations of that order, to which no response is required. API refers the Court to the order, which speaks for itself. To the extent any further response is required, API denies that this paragraph accurately and completely summarizes Secretarial Order 3417.

85.    API admits that Secretary Burgum issued Secretarial Order 3418. This paragraph otherwise consists of plaintiffs' characterizations of that order, to which no response is required. API refers the Court to the order, which speaks for itself. To the

extent any further response is required, API denies that this paragraph accurately and completely summarizes Secretarial Order 3418.

86. This paragraph contains plaintiffs' characterizations of an Interior Department notice requesting comments, to which no response is required. API refers the Court to the notice, which speaks for itself. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the notice.

87. API incorporates by reference its answers to paragraphs 1-86.

88. This paragraph represents a characterization of plaintiffs' allegations and legal conclusions, to which no response is required. To the extent any response is required, API denies the allegations.

89. This paragraph represents a characterization of plaintiffs' allegations and legal conclusions, to which no response is required. To the extent any response is required, API denies the allegations.

90. This paragraph represents a characterization of plaintiffs' allegations and legal conclusions, to which no response is required. To the extent any response is required, API denies the allegations.

91. Denied.

92. Denied.

93. Denied.

94. API incorporates by reference its answers to paragraphs 1-93.

95.     This paragraph represents a characterization of plaintiffs' allegations and legal conclusions, to which no response is required.  To the extent any response is required, API denies the allegations.

96.     Denied.

97.     Denied.

98.     Denied.

## AFFIRMATIVE DEFENSES

API pleads the following affirmative defenses based on currently available information.  It reserves the right to amend its answer to plead additional defenses that may be identified as the litigation progresses.  API does not assume the burden of proof on issues for which the law imposes the burden on plaintiffs.  API also incorporates by reference any defenses asserted by other defendants or intervenors applicable to API.

1.     Plaintiffs lack standing.

2.     Plaintiffs have failed to state a claim upon which relief can be granted.

3.     Plaintiffs are not entitled to any of the relief requested in the amended complaint because the hardship that would be imposed by such relief is greatly disproportionate to any hardship that plaintiffs or those they purport to represent might suffer in its absence.

**WHEREFORE,** API prays that this Court deny plaintiffs' request for relief, dismiss the complaint with prejudice, and grant such further relief as the Court deems appropriate.

January 16, 2026

Respectfully submitted,

*/s/ Jason T. Morgan*
Jason T. Morgan (Bar No. 1602010)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Tel: 206.624.0900
jason.morgan@stoel.com

Cody B. Doig (Bar No. 2109091)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Tel: (907) 277-1900
cody.doig@stoel.com

Daniel S. Volchok (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
Tel: (202) 663-6000
daniel.volchok@wilmerhale.com